MAG KEYLON, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 2, 1905.

1. **JUSTICES' COURTS: Agreement: Statement.** Though a statement in a justice court on an agreement to pay $25 for the killing of a cow prays for judgment for twice the amount and allowance of attorney's fee, yet a judgment for the $25 indicates no departure from the cause of action pleaded.

2. ———: **Appeal: Notice: Entry of Appearance: Trial.** Though the appellant fail to give notice of the appeal, yet he is in court and must proceed to trial at the first term if the appellee enter his appearance according to the statute.

3. ———: **Agreement: Statement: Evidence: Memorandum.** Where the statement is on an agreement to pay a certain amount of money for killing stock, parol evidence of the agreement may be admitted, though there exists a memorandum of the agreement on the claim papers signed by the plaintiff, which, however, is not signed by the defendant railway; which fact may be shown also by parol.

4. ———: ———: **Time of Bringing Action.** An agreement in settlement of a stock claim gave the railway thirty days to make payment. Suit was brought after a lapse of forty days from the agreement. *Held*, it was not premature, notwithstanding section 1108, Revised Statutes 1899.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*C. C. Jackson* for appellant.

(1) The court erred in refusing to postpone the trial under the circumstances set forth in the record. Talbot v. Hore, 17 Mo. App. 175; Hammerstein v. Haase, 48 Mo. 498. (2) Having forced the defendant to trial, the court committed further error in admitting oral evidence concerning the terms of the agreement mentioned

in the statement when it was admitted that the same was in writing. Tufts v. Morris, 87 Mo. App. 98; McClung v. Whitney, 82 Mo. App. 625; Mfg. Co. v. Jaeger, 81 Mo. App. 239. (3) The court also erred in assuming to render judgment upon a cause of action different from that sued on. Wright v. Fonda, 44 Mo. App. 634; Whipple v. Assn., 55 Mo. App. 554; Jacquin v. Cable Co., 57 Mo. App. 320-331; Murphy v. Bedford, 18 Mo. App. 279.

No brief for respondent.

JOHNSON, J.—Plaintiff sued in a justice's court upon an agreement alleged to have been made with her by defendant, to pay her twenty-five dollars in settlement of her claim for damages arising from the killing of her cow by one of the defendant's trains, the claim being founded upon section 1106, Revised Statutes 1899.

The suit was brought on September 9, 1903, and in the statement filed it is alleged that defendant, on July 30, 1903, agreed and promised to pay plaintiff twenty-five dollars, and failed to perform its agreement. Other facts are alleged sufficient to constitute a cause of action under section 1108, Revised Statutes 1899, but in the prayer plaintiff asks judgment for fifty dollars, under section 1109, Revised Statutes 1899, and also for the allowance of a reasonable attorneys' fee. She recovered judgment in the inferior court for all she asked, and defendant appealed to the circuit court. There the case was tried without the aid of a jury, and plaintiff was given judgment for twenty-five dollars, without attorneys' fees. Defendant appealed to this court.

We do not consider there is any merit in defendant's contention that the judgment, being for the amount agreed to be paid by defendant, indicates a departure from the cause of action pleaded. The amount plaintiff should recover, under the facts stated, is no part of the cause of action. The court found that she asked for more than she was entitled to under the facts, a quite common practice, but one without effect, in this kind of

an action, to characterize the cause. Section 1109 does not purport to create a different class of actions but to provide for the imposition of a penalty, upon the defendants, in cases arising under section 1108. Restricted in its operation to the remedy, its provisions cannot be regarded as substantive.

The appeal to the circuit court was taken after the day in which judgment was rendered by the justice. Defendant failed to give notice as required by section 4074. At the first term of the circuit court thereafter, when the case could be tried, provided the appellee entered her appearance under section 4075, it was set for trial on the docket of the court for the second day of the term. On that day plaintiff entered her appearance and demanded a trial. Defendant ineffectually objected to proceeding at that time, on the ground that it had not prepared for trial because the case was not at issue until the appellee entered her appearance, and then renewed the objection in a formal application for a continuance, which the court overruled and proceeded to try the case. This action of the court is assigned as error. Section 4075, Revised Statutes 1899 provides, "If the appellant fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term if he shall enter his appearance on or before the second day thereof," etc. The object of this is to give the appellee the right to prevent the intervention of a term of court on account of the failure of the appellant to give him notice of appeal. This object would be defeated, in many cases, if the appellant could delay his preparation for trial until after the appearance of the appellee is entered. Evidently the purpose expressed in the enactment is to hold the case for trial during the first term at which appellant could have made it triable upon notice, subject however to the election of the appellee, who is not in court until his appearance is entered, and therefore under no duty to prepare for trial. The appellant being in court

Keylon v. Railroad.

at all times, is chargeable with knowledge that the case is for trial and should prepare himself accordingly. The court did not abuse its discretion in overruling the application for a continuance and in proceeding to trial.

As the case was tried by the court no prejudicial error was committed in admitting the transcript of the justice's record in evidence. Nor was it error to admit oral evidence of the agreement. The statement did not declare upon a written contract, and it appears that none was signed by defendant. The agreement therefore being verbal, so far as the right to enforce it against defendant is concerned, a written memorandum which defendant's claim agent endorsed upon his proof of claim, and had plaintiff sign does not in a suit against defendant, who did not sign it, and who is the party sought to be charged, make secondary evidence of verbal testimony relating to the terms of the agreement, and the fact that the memorandum was not signed by defendant may be shown by other evidence than the instrument itself.

It appears that as a part of the agreement defendant was to have thirty days in which to make payment. The suit was brought after the lapse of forty days from the date of the agreement. Defendant contends that under section 1108, Revised Statutes 1899, suit could not be begun until after the expiration of forty days from the date fixed, by the agreement, for payment. The statute says, "The railroad shall, within forty days after said agreement, pay," etc. This language plainly does not admit of such construction.

The judgment is affirmed. All concur.